Li v. Lynch

BIA
Morace, IJ
A200 911 398

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> DENNY CHIN,
> *Circuit Judges.*

_____

LIAN ZHONG LI,
> *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

13-4806
NAC

_____

FOR PETITIONER:         Zhou Wang, New York, New York.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, United

States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lian Zhong Li, a native and citizen of the People's Republic of China, seeks review of a November 29, 2013, decision of the BIA affirming a May 7, 2012, decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lian Zhong Li,* No. A200 911 398 (B.I.A. Nov. 29, 2013), *aff'g* No. A200 911 398 (Immig. Ct. N.Y. City May 7, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base a

credibility finding on an asylum applicant's demeanor, and inconsistencies in his statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Li was not credible as to his claim that he suffered persecution on account of his resistance to the family planning officials who allegedly forced his wife to undergo an abortion.

The agency reasonably relied on Li's demeanor, noting that Li gave the impression that his testimony was memorized and that he was unable to answer simple questions consistently when the questions deviated from his script. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The agency's findings regarding Li's demeanor and its overall determination that he was not credible are bolstered by record inconsistencies related to Li's testimony about when his wife had her intrauterine device ("IUD") removed, how long it took her to become pregnant, when they discovered that she was pregnant, and how long she was pregnant prior to the termination of the pregnancy. *See Li Hua*

3

*Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-66. Having questioned Li's credibility, the agency reasonably relied further on his failure to provide credible evidence rehabilitating his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Given the IJ's findings concerning Li's demeanor, the inconsistency of his testimony, and the absence of corroboration, the agency's adverse credibility determination is supported by substantial evidence and is dispositive of Li's claims for asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). We do not review the BIA's denial of Li's due process claim because he did not raise it in his brief to this Court.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4